## Case No. 16,399.

UNITED STATES v. STEWART et al.

[2 Biss. 412.] [1]

District Court, N. D. Illinois. Jan., 1871.

DISTILLER'S TRANSPORTATION BOND—DEFENSES—
SEIZURE OF GOODS IN TRANSIT—PLEAD-
ING—REPLICATION.

1. To a suit upon a bond for the transporta-
tion of highwines, it is a sufficient defense that
during the act of transportation the officers of
the government seized them, and that the col-
lector of the district to which they were con-
signed refuses to grant a certificate of delivery
to him.

2. The government having by its own act pre-
vented the performance of the condition of the
bond, is estopped from recovering upon such a
breach.

3. The fact that the seizure was made by rea-
son of the wrongful act of the persons having
the highwines in charge makes no difference.
The government had the election to seize them
in transit or await their delivery; but if it does
the former, it cannot afterwards sue for the
breach of the bond.

4. To a plea setting up the above facts it is
not a good replication that the seizure was prop-
erly made for a violation of the internal revenue
laws, for which the wines were afterwards duly
forfeited in the district court.

This was an action of debt on behalf of the
United States against Stewart and his sure-
ties upon his transportation bond.

J. O. Glover, U. S. Dist. Atty.
Goudy & Chandler, for defendants.

BLODGETT, District Judge. This is a suit
upon a distiller's bond for the transportation
of 100 barrels of highwines from Keithsburg,
Ill., to St. Louis, Mo., and the delivery there-
of to Barton Able, collector of the First dis-
trict of Missouri. The third plea of the de-
fendants sets forth in substance that said
wines were duly transported to St. Louis and
landed upon the levee there, and were then,
immediately after their arrival, seized by an of-
ficer of the United States, and while in the ex-
clusive possession and control of such officer,
seven barrels of said wines were, without the
consent, fault or neglect of defendants or either
of them, carried away to some place unknown
by some person or persons unknown; and
that the remaining 93 barrels of said wines
were afterwards by the said officer removed
from said levee, and delivered to Barton Able,
collector of the First district of Missouri, who
received the same and placed them in a
warehouse in St. Louis, where they have ever
since remained. Defendants also aver that
such seizure was without their privity or con-
sent, and that said Barton Able hath ever
since refused to make and deliver to defend-
ants a certificate showing that said high-
wines or any part thereof have ever been de-
livered to him.

To this plea a replication was filed, setting
up in substance that 93 barrels of said wines

[1] [Reported by Josiah H. Bissell, Esq., and
here reprinted by permission.]

were seized upon an information filed in the
United States district court for the Eastern
district of Missouri for an alleged violation
of the internal revenue laws, and that after-
wards such proceedings were had in said
court on said information that a degree of
forfeiture was entered against said highwines
for said violation of the internal revenue
laws; and to this replication a demurrer is
interposed by the defendants.

Some technical objections to the form of
this replication were made in the demurrer,
but as no stress was laid upon them in the
argument I shall proceed at once to consider
the main question raised by the pleadings,
which is, whether the replication is a suffi-
cient answer to the plea, and whether said
plea is a sufficient answer to the declaration.

The condition of the bond is that the said
100 barrels of highwines shall be transported
from the bonded warehouse of said Stewart
at Keithsburg, in the Fourth district of Illi-
nois, to the city of St. Louis, and there de-
livered to Barton Able, collector of the First
district of Missouri, within ten days from
the date of said bond; and that within ten
days thereafter a certificate of said Able, or
his successor as such collector, showing that
said wines had been so delivered to him, and
by him placed in a bonded warehouse in his
district, should be produced to the collector
of the Fourth district of Illinois. The effect
of the defense thus set up is that while the
obligors in the bond were in the act of per-
forming said condition, said highwines were
seized by the revenue officers of the United
States, and while so held seven barrels were
taken away by some person unknown, and
the replication avers that the remaining 93
barrels were afterwards libelled and con-
demned for alleged violation of the internal
revenue laws. By the conceded facts, then,
performance of the condition of this bond has
been prevented by the acts of the agents of
the obligee. In other words, the plaintiff has,
through the agency of its officers, rendered
the performance of the condition of the bond
impossible. True, the seizure which made it
impossible for the defendants to fulfill the
condition of the bond, was made by reason
of the wrongful act of some one having said
wines in charge. But does that make any
difference? The government had its election
to seize them in transit, or await the per-
formance of the condition of the bond and
seize them afterwards. The wines could not
be in two places at once. If the government
interposed to prevent their delivery under the
bond, is it not estopped from recovering for a
breach of the bond caused by its own act?

No direct authorities upon bonds of this
character have been cited, nor have I been
able to find any. But the case seems analo-
gous in all essential principles to the case of
People v. Bartlett, 3 Hill, 570. In that case a
recognizance had been entered into for the
appearance of the principal to answer a crim-
inal charge. Default was made, and to a sci.

fa. on the recognizance it was pleaded that the principal had, after giving said recognizance, been arrested, and was then held in confinement in state's prison under another criminal charge. The court held the plea sufficient, and Nelson, Chief Justice, said: "I am of opinion that the plea is a good answer to the action. It is a general principle of law that when the performance of the condition of a bond or recognizance has been rendered impossible by the act of God, or of the law, or of the obligee, the default is excused." The principle enunciated in this authority is certainly broad enough in its fair, logical application to support the defense to the bond set up by the plea, and the replication, instead of answering the plea, only goes more into the detail of the same proceedings on the part of the government which the plea relies upon. It certainly does not answer the plea to say that the goods were not only seized, but were afterwards condemned by the same judicial proceedings initiated by the seizure. The replication only makes it more certain that the performance of the condition of the bond has been rendered impossible by the act of the obligee.

The demurrer to the replication is sustained.